UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBIN MARKO-HARRIS,

       Plaintiff,                        CIVIL ACTION NO. 09-13952

vs.                                  DISTRICT JUDGE STEPHEN J. MURPHY
                                      MAGISTRATE JUDGE DONALD A. SCHEER

JAMES HARRISON,

       Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Defendant's Motion to Dismiss should be GRANTED, as Plaintiff has failed to state a claim upon which relief can be granted.

\* \* \*

      This matter originally came before the magistrate judge on Order of Reference for all pretrial matters. Plaintiff, proceeding <u>pro se</u>, filed a Complaint on September 3, 2009, against James Harrison, who is the president of Local 223 of the Utility Workers Union of America (UWUA). Plaintiff is a claims representative employed by DTE Energy Company, and she is a member of the UWUA. Following a collective bargaining agreement the union negotiated with DTE in October 2006, Plaintiff claimed that she lost $829.00 in wages. She sued the Defendant in his individual capacity in Michigan small claims court. The action was later removed by Defendant to this court.

      Defendant filed a Motion to Dismiss on October 26, 2009, arguing that individual union officers cannot be held personally responsible to third parties for actions taken on behalf of a labor union in the collective bargaining process. Defendant also maintained that

Plaintiff's claim is barred by the statute of limitations. Plaintiff has not filed a response to Defendant's Motion to Dismiss to date.

APPLICABLE LAW AND STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief may be granted. The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint if true. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993). A complaint need not contain detailed factual allegations. Nonetheless, a plaintiff's obligation to provide the "grounds" of his entitlement to relief, as required by Fed.R.Civ.P. 8(a)(2), requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Rather, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that the allegations are true. Bell Atlantic Corporation v. Twombly, 127 S.Ct 1955, 1964 (2007). The pleading must contain something more than a statement of facts which creates a mere suspicion of a legally cognizable right of action. The court should proceed on the assumption that all the allegations of the complaint are true. A well pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely," and Rule 12(b)(6) does not countenance dismissal based on a judge's disbelief of the plaintiff's factual allegations. Id. The Court is not obliged, however, to accept a plaintiff's unsupported legal conclusions.

OFFICIAL CAPACITY

Plaintiff claims that Defendant breached a duty of fair representation while acting in his official capacity as president of Local 223. Plaintiff asserts that she suffered monetary

damages when Defendant signed the collective bargaining agreement with DTE. Plaintiff sued Defendant in his individual capacity only (See Plaintiff's Affidavit and Claim in Michigan's Small Claims Court, attached to Defendant's Notice of Removal at Docket #1).

Suits for violations of a contract between and employer and a labor organization representing employees are governed by Section 301 of the Labor Management Relations Act (LARA), 29 U.S.C. § 185. Section 301(b) of the LARA provides immunity for officers of labor organizations:

> Any labor organization which represents employees in an industry affecting commerce as defined in this chapter . . . shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, <u>and shall not be enforceable against any individual member or his assets</u>. (Emphasis added).

Since Plaintiff filed suit against the Defendant in his individual capacity, she has failed to state a claim for which relief can be granted. The law is clear that individual union officers cannot be held personally liable to third parties for actions taken on behalf of the union in the collective bargaining process. <u>Atkinson v. Sinclair Refining Co.</u>, 370 U.S. 238, 247-249 (1962), overruled in part on other grounds by <u>Boys Markets, Inc., v. Retail Clerks Union, Local 770</u>, 398 U.S. 235, 241 (1970); <u>Morris v. Local 819, International Brotherhood of Teamsters</u>, 169 F.3d 782, 784 (2nd Cir. 1999).

<u>STATUTE OF LIMITATIONS</u>

Even if Plaintiff were allowed to amend her complaint to sue the union for the allegedly improper acts of its president in his official capacity, her claim would be barred

by the statute of limitations.  When seeking damages against a labor union for breach of its duty of fair representation, there is a six month statute of limitations. <u>DelCostello v. International Brotherhood of Teamsters</u>, 462 U.S. 151, 171 (1983). Plaintiff alleged in her complaint that the misconduct by the Defendant occurred in October 2006, more than three years ago.  Consequently, any claim against the union is barred by the 6 month statute of limitations. Defendant's Motion to Dismiss should be granted.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (14) days after they are served with a copy, or further appeal from Judge Murphy's acceptance thereof is waived.

                                                     <u>s/Donald A. Scheer</u>
                                                     DONALD A. SCHEER
                                                     UNITED STATES MAGISTRATE JUDGE
DATED: December 14, 2009

_____

## CERTIFICATE OF SERVICE

I hereby certify on December 14, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 14, 2009: **Robin Marko-Harris.**

                                                     <u>s/Michael E. Lang</u>
                                                     Deputy Clerk to
                                                     Magistrate Judge Donald A. Scheer
                                                     (313) 234-5217